**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JERMAINE PERKINSON,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **VS.** | : | **CIVIL NO. 5:19-CV-00113-MTT-CHW** |
| | : | |
| **STATE OF GEORGIA,** | : | |
| | : | |
| **Respondent.** | : | |

_____

## ORDER

Petitioner Jermaine Perkinson has filed a pleading that has been docketed as a petition for federal writ of mandamus pursuant to 28 U.S.C. § 1651. Petitioner has also filed a motion for leave to proceed *in forma pauperis* in this action (ECF No. 2). For the following reasons, Petitioner's Petition is **DISMISSED without prejudice** and his motion for leave to proceed *in forma pauperis* is **GRANTED** for purposes of this dismissal only.

## PRELIMINARY SCREENING

### I.    Standard of Review

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the prisoner is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations as true. *Boxer X v.*

*Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner's pleading if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A pleading fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the pleading must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## II. Factual Allegations and Petitioner's Claims

As best as the Court can tell, Petitioner challenges his current incarceration by

claiming that because he is a "private person" who was "never in a lawful, binding contract" with the state or any other form of government, the state courts do not have jurisdiction to hold him accountable for violating the laws of the state. *See* Pet. 1-4, ECF No. 1. Petitioner thus seeks a writ of mandamus from this Court that would require state prison officials to release him and potentially to pay significant damages. *See id.* at 5-6. Petitioner's Petition is subject to dismissal for at least two reasons.

First, this Court does not have the authority to grant the relief Petitioner appears to seek. Federal courts lack the power to issue writs compelling action by state officials in the performance of their duties. *See Moye v. Clerk, Dekalb Cnty. Superior Court,* 474 F.2d 1275, 1276 (5th Cir. 1973).[1] In addition, to the extent Petitioner seeks release from prison, habeas corpus—not a petition for mandamus—"is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release[.]" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

Second, Petitioner's substantive submissions to the Court are frivolous. Petitioner's filings "bear[] all the hallmarks of the 'sovereign citizen' theory that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to *all* litigants, regardless of how they portray themselves." *Mells v. Loncon*, No. CV 418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019) (emphasis in original). A so-called "sovereign citizen" generally relies "on the Uniform Commercial

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

Code ('UCC'), admiralty laws, and other commercial statutes to argue that, because he has made no contract with [the court or government], neither entity can foist any agreement upon him." *See United States v. Perkins*, No. 1:10-cr-97-1, 2013 WL 3820716, at *1 (N.D. Ga. July 23, 2013) *aff'd*, 787 F.3d 1329 (11th Cir. 2015). Criminal statutes are "apparently not one of the groups of statutes whose validity [these 'sovereign citizens'] will acknowledge," and as such the prisoner will argue that he cannot be found guilty of any crime. *See id*. Petitioner's filings also bear at least some indicia of his reliance on the "Redemptionist" theory, which "propounds that a person has a split personality: a real person and a fictional person called the 'strawman.'" *Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2009).

> Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC filing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody.

*Id.*

Both the "sovereign citizen" and "Redemptionist" theories are frivolous legal theories that have been consistently rejected by federal courts. *See, e.g., Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (per curiam) (finding plaintiff's sovereign citizen arguments frivolous and "clearly baseless"); *Linge v. State of Georgia Inc*., 569 F. App'x 895, 896 (11th Cir. 2014) (finding the sovereign citizen argument to be to "wholly insubstantial and frivolous"); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir.1993) (rejecting sovereign citizen argument as "shop worn" and frivolous); *Muhammad v. Smith*,

No. 3:13-cv-760 (MAD/DEP), 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (collecting cases and noting that "[t]heories presented by redemptionist and sovereign citizen adherents have not only been rejected by courts, but also recognized as frivolous and a waste of court resources"). Thus, Petitioner's Petition should be dismissed as both frivolous and for failing to state a claim upon which relief may be granted.

### III. Conclusion

For the foregoing reasons, Petitioner's pleading is **DISMISSED without prejudice**. Petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED** for purposes of this dismissal only.

**SO ORDERED**, this 24th day of June, 2019.

S/Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT